USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIO GORDON,

                Plaintiff,

      - against -

CORRECTION OFFICER POLLARD, et al.,

                Defendants.
------------------------------------------------------------x

09 Civ. 1914 (RMB) (RLE)

**ORDER**

## I. Background

On February 2, 2010, United States Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("Report") recommending that claims brought by pro se Plaintiff Mario Gordon ("Plaintiff" or "Gordon") against "Dr. Roach" which were originally filed on or about June 8, 2009, be dismissed for failure to prosecute. (Report at 1.) Judge Ellis "ordered Gordon to serve Dr. Roach by December 7, 2009 [and] [t]o date, Gordon has failed to serve Dr. Roach." (Report at 1.) The Report advised that, "[p]ursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections." (Report at 1–2.)

By letter, dated February 14, 2010, Plaintiff stated: "I've done everything in my power to serve Dr. Roche to no avail and the only reason he wasn't served is because the spelling of his name is Roche not Roach." (Ltr. from Mario Gordon to Hon. Richard M. Berman, dated Feb. 14, 2010, at 1.) In response to Plaintiff's letter, Judge Ellis issued an Order [#32] on March 17, 2010 ("March 17 Order") permitting Plaintiff "to serve [the] Complaint and Summons on Defendant Dr. Roche by April 19, 2010," but stating that "[f]ailure to respond to this order will result in the

dismissal of this case as to Dr. Roche." (Mar. 17 Order at 1.) Plaintiff did not respond and, as of May 11, 2010, Plaintiff still had not served Dr. Roche.[1]

## II.  Legal Standard & Analysis

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). "Should either party object to the magistrate's recommendation, section 636(b)(1) provides that [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Grassia, 892 F.2d at 19 (internal quotations and citations omitted).

Having undertaken a de novo review of the Report, Plaintiff's letter dated February 14, 2010, the March 17 Order, and applicable legal authorities, the Court concludes that the Report is in accord with applicable law. See Monroe v. Mullen, No. 06 Civ. 0144, 2008 WL 788569, at *2 (N.D.N.Y. Mar. 20, 2008) ("Dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives."); see also Thomas, 474 U.S. at 149–50; Antonio v. Beckford, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *10–12 (S.D.N.Y. Sept. 29, 2006).

## III.  Order

The Clerk of Court is respectfully requested to dismiss the action against Defendant Dr. Roche.

Dated: New York, New York
       May 11, 2010

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**

---

[1]  Judge Ellis' March 17, 2010 Order may be considered a modification of the Report which extended the time for Gordon to serve Dr. Roche to April 19, 2010. See Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Rivera v. Barnhart, 423 F. Supp. 2d 271, 273–74 (S.D.N.Y. 2006).

2